THOMAS O'GRADY *vs.* JAMES N. SUPPLE.

Suffolk.    January 10, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Jury-waived Cases — Motion for New Trial.*

Under the Pub. Sts. c. 167, § 70, in cases tried by a judge without a jury, a party cannot, as matter of right, be heard upon a motion for a new trial, on the ground that the finding is against the evidence and the weight of the evidence.

CONTRACT.   Trial in the Superior Court, without a jury, before *Bacon*, J., who found for the defendant, no exception to any ruling being taken at the trial.   The plaintiff duly filed a motion for a new trial, for the following reasons: "1. Because the finding of the court is against the evidence and the weight of the evidence.    2. Because the finding of the court is against the law."

At the hearing upon the motion, the judge ruled that, under the Pub. Sts. c. 167, § 70, the first ground assigned in the motion could not be entertained, and, after hearing the parties on the second ground, overruled the motion.   The plaintiff alleged exceptions.

*T. E. Barry & T. F. Strange*, for the plaintiff.

*J. W. O'Brien*, for the defendant.

MORTON, C. J.   We do not understand that the ruling was, as contended by the plaintiff, that, in a jury-waived case, the judge, after his decision and before judgment in fact, has no power to set aside his finding of the facts, and order a new trial, if he is satisfied that he has erred.   The question before the judge was not as to the power of the judge, but as to the right of the plaintiff to be heard upon a motion for a new trial, upon the ground that the finding of the judge was against the evidence and the weight of the evidence.   The ruling was, in substance, that the plaintiff could not, as matter of right, be heard upon a motion for a new trial upon this ground.   We think this ruling was correct.

The statute provides, that "the courts may, at any time before judgment in a civil action, set aside the verdict, and order

a new trial, for any cause for which a new trial may by law be granted." Pub. Sts. c. 153, § 6. But a subsequent provision of statute limits the right to move for a new trial in cases tried by the court without a jury. It provides that in such cases either party "may move for a new trial for mistake of law or for newly discovered evidence, and may be entitled to review, in the same manner and with the same effect as upon trial by jury." Pub. Sts. c. 167, § 70.

The expression of two grounds for a new trial raises the implication that it was not intended that a motion for a new trial could be heard as of right upon other grounds not specified, which may be grounds for a new trial in cases tried by a jury. The reason for the difference in the two cases is obvious. A motion for a new trial, upon the ground that the finding was against the weight of the evidence, must be of very little utility when addressed to a judge who has recently carefully weighed and considered the evidence, and has announced the result. We are therefore of opinion, that, in cases tried by the court without a jury, a party cannot, as a matter of right, be heard upon a motion for a new trial, on the ground that the finding is against the evidence and the weight of the evidence.

*Exceptions overruled.*