## Louisville & N. R. Co. v. Utz.

May 1, 1945

Woodward, Dawson, Hobson and Fulton for appellant.

Ogden, Galphin, Tarrant and Street for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

This action was instituted by the appellee, a railway mail clerk, to recover damages on account of injuries which he sustained on December 20, 1941, when two of appellant's trains, upon one of which he was working, collided near Loretto, Kentucky. The appellant conceded its negligence, and the sole question submitted was that of appellee's damages, which the jury fixed at $2530.67. Being dissatisfied with the verdict, the railway company appealed to this court on two grounds: (1) excessiveness of the verdict, and (2) improper comment by the trial court. We denied ground (1), although we did express the view that the amount of the award was liberal. With respect to ground (2), it was our view

that the trial court's comment was sufficiently prejudicial to entitle the appellant to a new trial, which we granted. Upon the second trial, as upon the first, the sole issue was that of the amount of appellee's damages, and this time the jury fixed them at $2520.67, which is only $10 short of being the identical amount awarded him by the first jury. Being still dissatisfied, the railway company has prosecuted the present appeal.

The nature and the circumstances of the trial court's prejudicial remarks upon the first trial, as well as the sole ground relied upon for reversal of the second judgment, are succinctly and clearly stated in appellant's classification of points and authorities, from which we quote: "On the first trial of this case appellee recovered judgment for $2,530.27, including lost time. That judgment was reversed (Louisville & N. R. R. Co. v. Utz, 297 Ky. 70, 178 S. W. 2d 958) because of the prejudicial statement of the Trial Court that the jury did not have to believe the argument of appellant's counsel to the effect that appellee laid off from his work because he had accumulated sick leave and not on account of his injuries. On that trial, appellant proved without objection, that appellee laid off forty-six days after an accident in 1939 when he had forty-four days accumulated leave. On the trial of this case, the Court declined to let appellant's counsel state this fact to the jury, or to prove it. The testimony was competent because it showed appellee's intent and motive in laying off and claiming for the lost time after the accident herein complained of."

As indicated by appellant's statement, no objection was made upon the first trial to the testimony that appellee laid off for forty-six days after his accident in 1939 and that he had forty-four days accumulated leave due him at that time. Hence, the relevancy, materiality, or competency of that testimony was not presented to or ruled upon by the lower court or by this court on the first trial or on the first appeal; thus leaving the matter open for a ruling on the second trial. On the authority of Hellmueller Baking Co. v. Risen, 295 Ky. 273, 174 S. W. 2d 134, and of the several cases therein cited, the appellant was not entitled to any credit on account of the sick leave which was due the appellee; and as bearing upon motive or intent, any testimony with respect to appellee's accumulated sick leave would have been without probative value and immaterial. This being so, the lower court was not in error in making the ruling of

which the appellant now complains. Certainly the appellant's complaint is not of sufficient merit to justify this court in remanding the case for a third trial.

Judgment affirmed.