JOHN J. MCELWAIN *vs.* RAFFAELE CAPOTOSTO.

Suffolk.   November 1, 1954. — December 2, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Evidence,* Relevancy and materiality, On cross-examination. *Practice, Civil,* Discretionary control of evidence; New trial; Exceptions: whether error harmful. *Error,* Whether error harmful.

At the trial of an action by a postal employee to recover for personal injuries allegedly sustained in an automobile accident, testimony on cross-examination of the plaintiff as to payments he would receive for time he was absent from work might properly be admitted in the discretion of the judge solely to affect the weight of the plaintiff's previous testimony that he was disabled from working by the accident.  [2-3]

A judge who has heard an action without a jury is not required to hear a motion for a new trial based on the grounds that his finding was against the evidence and against the weight of the evidence.  [3]

Failure of a judge who had heard an action without a jury to grant a hearing before denying a motion for a new trial grounded on alleged errors of law in the admission of evidence which was not improperly admitted and in the refusal to grant a request for a ruling which could not properly have been granted was harmless if it was error.  [3]

TORT.   Writ in the Municipal Court of the City of Boston dated July 8, 1952.

Upon removal to the Superior Court, the action was heard by *Hurley*, J., without a jury.

*William H. Taylor, Jr.*, for the plaintiff.

*Robert W. Cornell*, (*Philip L. Berkeley* with him,) for the defendant.

QUA, C.J.  The plaintiff, a postal employee of the United States, claims that he suffered a personal injury when a parked mail truck in which he was sitting was struck from behind by a motor vehicle operated by the defendant.

The judge before whom the case was tried without a jury found specifically that the defendant was negligent, but also found that the plaintiff suffered no damages that were the direct and proximate result of the defendant's negligence. The plaintiff excepts to the admission of certain evidence and to the denial without a hearing of his motion for a new trial.

The plaintiff testified that he was disabled from working for several days.  On cross-examination by counsel for the defendant the plaintiff was asked whether, under the arrangement he had as an employee, if he was injured on the job he would not be entitled to be paid for part of any time he was out.  He answered, "After three days."  Counsel for the plaintiff objected on the ground that "even though a man does get paid during an absence . . . that does not act in mitigation of damages."  (See *Shea* v. *Rettie*, 287 Mass. 454.)  The judge replied, "I agree to that, but nevertheless the line of questioning is permissible to show the degree of disability, but not in mitigation of damages . . . ." We think the judge meant that the line of questioning had some bearing on the issue whether the plaintiff's absence from work was really due to an injury received at the time of the accident or was caused or prolonged by the fact that he would be paid if he did not work, even though the sum paid him would not reduce the recoverable damages for any period of disability actually due to the accident.  In answer to further questions the plaintiff testified that if he had no "sick time" or "vacation time" coming to him he would get no pay; he would get "wapped," but he would get

compensation. The record leaves some doubt as to whether exceptions were seasonably saved with reference to all of this evidence, but if they were we are of opinion that it was within the discretion of the judge to admit the evidence on cross-examination to affect the weight of the plaintiff's previous testimony that he was disabled from working on account of the accident. It is elementary that the extent of cross-examination is generally within the control of the trial judge. *Campbell* v. *Ashler*, 320 Mass. 475, 481. *Davis* v. *Hotels Statler Co. Inc.* 327 Mass. 28, 30.

The motion for new trial was on the four grounds, (1) that the finding was against the evidence, (2) that it was against the weight of the evidence, (3) that it was against the law, and (4) that prejudicial evidence was admitted. The motion was denied without a hearing four days after it was filed. The judge was not required to hear a motion for new trial on grounds (1) or (2) in a case heard without jury. *O'Grady* v. *Supple*, 148 Mass. 522. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 502. *Nerbonne* v. *New England Steamship Co.* 288 Mass. 508, 510. *Bartley* v. *Phillips*, 317 Mass. 35, 39. If we assume, without deciding, that the plaintiff had a technical right to be heard on the ground of error of law, including error in the admission of evidence, in order to try to invoke the discretion of the judge in his favor (G. L. [Ter. Ed.] c. 231, § 129; *Ross* v. *Colonial Provision Co. Inc.* 299 Mass. 39, 42; *Bankoff* v. *Coleman Bros. Inc.* 302 Mass. 122; *Graustein, petitioner*, 305 Mass. 571, 572), the failure to hear him in this case was at most a harmless error. The motion for new trial does not specify any particular error of law. On the record before us the only supposed errors of law to which the motion could refer must be the admission of the evidence the admission of which we have just held was not error and the refusal to grant the plaintiff's first request for ruling that upon all the evidence the plaintiff was entitled to recover. It is too clear for discussion that no such ruling of law could properly have been granted. The questions whether the defendant was negligent and whether the plaintiff suffered any injury were at

most questions of fact as to which the plaintiff had the burden of proof. The plaintiff's remaining request was granted.

Because the record discloses no reversible error, the rescript must be

*Exceptions overruled.*