Bernard J. RIDILLA and Shirley Ridilla,
Appellants,

v.

James A. KERNS, Appellee.

No. 2401.

Municipal Court of Appeals for the District
of Columbia.

Argued July 8, 1959.

Decided Nov. 10, 1959.

Rehearing Denied Nov. 24, 1959.

Ben Greenspoon, Washington, D. C., Bernard Margolius and Ralph H. Deckelbaum, Washington, D. C., on the brief, for appellants.

John J. Pyne, Washington, D. C., John A. Beck, Washington, D. C., on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant and his wife brought suit to recover for personal injuries sustained by the male appellant in an automobile collision. The complaint alleged that as a result of these injuries he was disabled and prevented from pursuing his employment with the Metropolitan Police Department for a period of time (approximately one month.) A jury verdict was returned in favor of the appellee and in this appeal reversible error is urged on the basis of references by appellee's counsel in the course of trial to appellant's sick leave benefits. These remarks and the specific errors assigned in relation to them are best understood in the setting in which they occurred.

In his opening statement to the jury, counsel for appellee pointed out that appellants' evidence would probably show that there had been an absence from work for over three weeks, but he added, "I think there is considerable question as to wheth-er all of the damage that he claims was actually caused by this impact. You will find from the evidence that though he lost time from work, you will find that he did not have to lose any pay." Counsel for appellants objected and in a conference at the bench that followed, a motion for mistrial was denied. Continuing his opening statement, counsel said:

"As I was saying, ladies and gentlemen, he did not actually lose pay; he forfeited some sick leave that he had accumulated, and the judge will instruct you that if you find that all of that time is due to this impact which he is talking about, he is entitled to recover for that. I think you will find from the evidence that all of this time was not essential to the injury that he has claimed to have sustained."

The matter arose in the course of trial when appellant testified on cross-examination that he had used some accumulated sick leave. An objection interposed by counsel for appellants was again overruled. In his closing argument, counsel for appellee told the jury: "Ladies and gentlemen, I imagine some of you are Government employees. I am not here to tell you that if all of this time was necessary for him to be fully disabled and off work that he should not be entitled to recover that, because certainly Mr. Kerns [appellee] should not profit because he (Ridilla) has an employer who is nice enough to give him sick leave. And certainly if a man has the time coming, there is certainly more inducement for him to take off time he really does not have to take. It makes a nice picture to come in and say, 'I have $340 loss of earnings.' It is certainly nice to make the injury look more serious than it really was."

These remarks were followed by the court's charge to the jury:

"The jury is instructed that in determining the amount of damages in this case you may consider the expenses incurred by the plaintiff together with loss of earnings, and that he may recov-

er from the defendant the value of such loss of time from his employment as you find was reasonable and proximately caused by the defendant's negligence, regardless of anything he may get from collateral sources or the fact he has used accumulated sick leave, inasmuch as the law is that the defendant cannot profit by a benefit plaintiff has received unconnected with defendant."

Assigning as error the denial of their motion for mistrial, appellants contend that in the absence of granting the motion, the court should properly have given an immediate curative instruction. They further allege that the error was compounded when the court permitted counsel to pursue the fact of appellant's use of his accumulated sick leave throughout the trial and again in his closing argument.

■ Under the holding of Hudson v. Lazarus, 95 U.S.App.D.C. 16, 217 F.2d 344, upon which appellants rely, the receipt of benefits or compensation from collateral sources wholly independent of the wrongdoer does not diminish damages recoverable by the injured party. See also Geffen v. Winer, 100 U.S.App.D.C. 286, 244 F.2d 375. Evidence, therefore, that a plaintiff had accumulated sufficient sick leave to cover the period of his disablement is generally held inadmissible for the purpose of mitigating damages. Lewis v. County of Contra Costa, 130 Cal.App.2d 176, 278 P.2d 756. It follows that remarks addressed to the jury for the same purpose in an opening statement may constitute prejudice and afford grounds for a mistrial.

Appellee concedes this to be the prevailing law, but contends that the evidence was admissible and the remarks proper for the restricted purpose of showing that appellant's absence from work was not the direct result of his injuries, but that his period of convalescence was prolonged because he knew he would be paid if he did not work. Kentucky, in two decisions, has rejected testimony offered for the same limited purpose suggested by appellee as being immaterial and without probative value. Louisville & N. R. Co. v. Utz, 299 Ky. 765, 187 S.W.2d 439; Hellmueller Baking Co. v. Risen, 295 Ky. 273, 174 S.W.2d 134. Massachusetts, on the other hand, without abrogating the "collateral source" principle established in Shea v. Rettie, 287 Mass. 454, 192 N.E. 44, 95 A.L.R. 571, has held that such evidence is admissible on cross-examination "to affect the weight of plaintiff's previous testimony that he was disabled from working on account of the accident." McElwain v. Capotosto, 332 Mass. 1, 122 N.E.2d 901, 902.

■■ We think the better rule is represented in the Massachusetts decision. That decision reveals that its holding is not inconsistent with the "collateral source" principle and although that case was tried without a jury, there is no indication that this was a determinative factor in the court's conclusion. In cases of this kind, the severity of a plaintiff's injury is in issue because a verdict against the defendant will necessarily include damages. An essential component of the damages is loss of earnings for the period of disablement. Evidence that time lost from work was not due solely to injuries received in the accident, but was extended because a plaintiff had accumulated sick leave is relevant. By analogy, courts have held evidence admissible to show that the extent of the injury was exaggerated, Myers v. Blackman, D.C.Mun.App., 130 A.2d 590; that the injury for which redress was sought was either an aggravation of an earlier one or was unconnected with the accident out of which the claim arose, Bill's Auto Rental v. Bonded Taxi Co., D.C.Mun.App., 72 A.2d 254; and that factors other than the plaintiff's physical disability prevented his return to work, Union Transports, Inc. v. Braun, Tex. Civ.App., 318 S.W.2d 927. In addition, as we have pointed out, the evidence is admissible to affect a plaintiff's previous testimony that the time lost was due to the accident. McElwain v. Capotosto, supra.

■ If the evidence is admissible, does it follow that the comments to the jury in

counsel's opening and closing statements were proper? The answer is yes, but only if the remarks were employed in the same restricted sense as the evidence. Caution must be exercised, however, as the danger of prejudice is obviously much greater at the outset of a case when the opening statements are made. The test therefore to determine whether counsel's comments were such as to constitute prejudicial error is first, whether appellee's attorney, was guilty of misconduct which was likely to mislead, improperly influence, or prejudice the jury; and second, as a result of the court's failure to give an immediate curative instruction, were the jurors left with wrong or erroneous impressions which were likely to mislead, improperly influence, or prejudice them to the disadvantage of the appellants. Simpson v. Stein, 52 App.D.C. 137, 284 F. 731; Meyer v. Capital Transit Co., D.C.Mun.App., 32 A.2d 392.

█ Applying this test, in his first reference to the matter, counsel said, "I think there is considerable question as to whether all the damage that he claims was actually caused by this impact." This was followed by a comment to the effect that appellant did not lose pay while absent from work. At this point a motion for mistrial was made and denied. No instruction or admonishment was given by the trial judge and counsel continued his opening statement. In unequivocal language he explicitly conveyed to the jury the restricted purpose for which the comments were made and in all subsequent references bound himself by this self-imposed limitation. If there were any doubt as to the prejudicial effect of his remarks prior to the motion, certainly that doubt was dispelled by what followed when he said: "[I]f you find that all that time is due to this impact which he is talking about, he is entitled to recover for that. I think you will find from the evidence that all this time was not essential to the injury he has claimed to have sustained." The statement is as lucid as any instruction the trial judge might have given. While the instruction of a judge carries greater weight with the jury than that of a lawyer, we do not think that counsel's comments were such as to mislead or improperly influence the jury in the absence of an instruction from the judge. Much the same can be said about counsel's closing argument and here again he quite pointedly indicated that his reference was not made for the purpose of mitigating damages. There is in fact a striking similarity between counsel's comments at this stage of the trial and the charge to the jury.

Upon review we are satisfied that the remarks of counsel reflect neither an attempt to supply a fact in the case unsupported by evidence nor a calculated effort to create prejudice by inference or innuendo. The complaint alleged that as a result of the injury appellant lost almost a month from his work. The extent of the injury and the length of his convalescence were therefore very much in issue, and counsel for the appellee pursued the issue throughout the case. The judgment of the trial court is accordingly.

Affirmed.