LEIZEAR ET AL. v. BUTLER ET AL.

[No. 299, September Term, 1960.]

(Two Appeals In One Record)

172

*Decided July 10, 1961.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Thomas E. Schmidt,* for Herbert R. West, Jr., one of the appellants.

*John F. McAuliffe,* with whom were *Fairbanks, Heeney & McAuliffe, Philip M. Fairbanks* and *Robert C. Heeney* on the brief, for Carlton Leizear, the other appellant.

*James B. Davis,* with whom was *Victor L. Crawford* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

Three suits were instituted in the Circuit Court for Montgomery County as a result of a collision between a Montgomery County police car driven by the appellant West, a county police officer, in which the appellant Leizear, a fellow officer, was a passenger, and a taxicab owned by the appellee Central Cab Company and operated by its driver, the appellee Butler. West and Leizear sued for damages for personal injuries and medical expenses, and Montgomery County sued for damages to its automobile. The Cab Company and Butler were the original defendants in all three suits. They impleaded West and Montgomery County in the Leizear suit as third party defendants. Montgomery County's motion to dismiss the third party claim against it was granted and there was no appeal from that order. On suggestion of the original defendants all three cases were removed to Prince George's County and there tried before the court and a jury. The jury returned the following verdicts: in the West suit, for the defendants, the Cab Company and Butler; in the Leizear suit, for the plaintiff, Leizear, against the defendants, the Cab Company, Butler and West, for $405.92; in the Montgomery County suit, for the defendants, the Cab Company and Butler. Motions for new trials by West, Leizear and Montgomery County were overruled, and judgments were entered upon the verdicts. Only West and Leizear appealed.

The facts: In the back seat of an unmarked police car, the police officers had a youth suspected of a crime, and were looking for another suspect. They thought a youth on a bicycle nearby might be the one they were looking for. The police car either slowed down from a speed of about 25 miles an hour to 10 or 15 miles an hour, or stopped entirely. Butler, driving the cab, starting down an incline somewhat (the exact distance is not clear) behind the police car, looked over at a new building then under construction. When he looked back he saw the police car just ahead of him and says he could not stop in time, or swerve far enough to the left, to avoid his cab's striking the left rear of the police car. The question of whether or not due warning of the police car's slowing down or stopping was given by arm signal or by light was submitted to the jury.

In West's appeal the only question which calls for determination is whether the trial court erred in submitting his contributory negligence to the jury. The record shows no exception to have been taken to the court's charge as to West's negligence, and the matter is not before us for review, Maryland Rule 554 e. We were told at the argument that a part of the transcript pertaining to a conference in chambers with regard to the instructions has been lost. If this point was then raised and was properly preserved, the result is not altered, for the evidence of West's sudden slowing down or stopping without warning was sufficient to call for the submission of the question to the jury and to warrant the jury in finding that West had been negligent. *Baltimore Transit Co. v. Prinz,* 215 Md. 398, 404. It is obvious that the same evidence which sustains the finding against him of contributory negligence as regards the Cab Company and Butler is also sufficient to show primary negligence in relation to Leizear.

Leizear's appeal presents different problems. That he was not contributorily negligent was established by the verdict for him against the original defendants and the impleaded third party defendant, West. The jury's verdict was for his claimed special damages of $405.92, consisting of hospital and medical expenses, the expense of transportation for medi-

cal treatments and lost wages at his average weekly rate of $83.46 for the two weeks that he was not on duty following the accident. Leizear contends (a) that it was prejudicial error for the trial court to admit evidence that he was paid his wages by Montgomery County during the period of his absence from work, and (b) that since the verdict allowed him nothing for pain and suffering, and was so inadequate the judgment for $405.92 should be reversed and the case remanded for a new trial. The trial court correctly ruled that the amount of Leizear's damages was not to be reduced because of the payment of his wages by his employer during the period of disability due to the accident, *Plank v. Summers*, 203 Md. 552, but, nevertheless, permitted Leizear to testify over objection that Montgomery County had paid him his regular salary during the time he was not working after the accident. Courts in other states have held that such testimony is admissible if there is evidence in the case of malingering or exaggeration of injury (*McElwain v. Capotosto* (Mass.), 122 N. E. 2d 901; *Union Transports, Inc. v. Braun* (Tex. Civ. App.), 318 S. W. 2d 927; cf. *Ridilla v. Kerns* (Mun. Ct. App. D. C.), 155 A. 2d 517) but is inadmissible if there is no such evidence or if the question is asked for the real purpose of mitigating the liability of the defendant (*R. E. Dumas Milner Chevrolet Co. v. Morphis* (Tex. Civ. App.), 337 S. W. 2d 185; *McElwain v. Capotosto, supra,* at page 902 of 122 N. E. 2d; *Hellmueller Baking Co. v. Risen* (Ky.), 174 S. W. 2d 134).

In the case at bar the essence of the defense was that if Leizear had been injured at all it was but very slightly. Butler and the Cab Company showed that immediately, within a minute or two, after the accident Leizear said that he was not hurt, that he went to a housewarming party for a brother police officer that night, that while there he had talked with a lawyer and said that he then needed an attorney, not a doctor, that Leizear was able to drive his car the twelve or fifteen miles between his home and the doctor's office for examination and for a number of treatments during his period of claimed temporary disability (total for two weeks, partial for one) and that he visited a grocery store during

such trips. Leizear testified that he began to feel pain a few minutes after the accident, that he suffered considerable pain while at the housewarming party, that he had to sit down during almost all of his visit, and that when he made the remark about needing a lawyer he had already seen a doctor at the hospital. The treating physician testified that in his opinion Leizear could make the relatively short drives between his home and the doctor's office without injury and that the use and position of his arms while driving would not cause or increase pain, since his pain would be made worse only when the arms were raised to or above a horizontal plane.

There was testimony by the plaintiff Leizear that he had suffered pain from his injuries, that he had been disabled for two weeks from performing any of his duties as a police officer, that for another week he had been able to perform only light duties around the station house, that for about three weeks he had had to wear a neck brace, and that for two months or more after the accident he had experienced occasional pains in his neck. Leizear's treating physician gave his opinion as to the extent, painfulness and temporarily disabling effect of Leizear's injuries. The doctor found evidence of these injuries in spasm of the neck muscles.

In his charge the trial judge instructed the jury: "Now, furthermore, on this matter of loss of earnings, the Court instructs you as a matter of law, that even though you find that Mr. Leizear was paid his regular police salary, nevertheless, your verdict with respect to loss of earnings, should not be affected by that fact, but it is his earning capacity which is compensable." The verdict of the jury in favor of Leizear was in the exact amount of the special damages testified to, which included his wages for the two weeks he was off duty in the amount of $166.92. We see no reason to decide whether the admission of the challenged testimony would of itself, without more, have been prejudicial error in view of the court's explicit instructions on the point, to which there was no exception or request for amplification.

We pass to the claim that the judgment appealed from must be reversed because the verdict allowed Leizear nothing for pain and suffering and was inadequate. There are cases in

other jurisdictions which have held or said that a verdict allowing special damages but giving nothing for pain and suffering will not be allowed to stand. In a number, the appellate court has affirmed the action of the trial court in granting a new trial under such circumstances on the ground there was no abuse of discretion.[1] In some the appellate court has said that such a verdict is contrary to the instructions of the trial court on the law and therefore improper and unlawful.[2] Other cases have taken a different view. Of these several have held, where the evidence was conflicting as to the extent of the claimant's injury, that the jury could have found one or more of items of special damage were unjustified or excessive and regarded the total amount of the bills as sufficient to include pain and suffering.[3] The Supreme Court of New Hampshire in *Gomes v. Roy,* 108 A. 2d 552, held that if the evidence of injury and the suffering claimed as a result was subjective, the jury could believe or disbelieve it and allow only special damages but that if it were objective and demonstrated, they must allow something in addition to special damages to compensate for pain and suffering.

The Supreme Court of Pennsylvania in *Elza v. Chovan,* 152 A. 2d 238, reversed the trial court's action in granting a new trial where a verdict for less than the medical expenses was rendered. The Court said the granting or refusing of a new trial for inadequacy is peculiarly within the discretion of the trial court and the appellate Court will not reverse unless convinced the verdict resulted from partiality or prejudice or some misconception of the law or the evidence and a clear wrong or injustice is shown. It said further that if the verdict bears a reasonable resemblance to the verdict proven, the

---

1. Webster v. City of Colfax (Iowa), 93 N. W. 2d 91; Yacabonis v. Gilvickas (Pa.), 101 A. 2d 690; Todd v. Bercini (Pa.), 92 A. 2d 538; Deschane v. McDonald (N. D.), 86 N. W. 2d 518; Cohen v. Food Fair Stores, Inc. (Super. Ct. Pa.), 155 A. 2d 441.

2. Murrow v. Whiteley (Colo.), 244 P. 2d 657; Justice v. Weise (N. J.), 81 A. 2d 178; Hall v. Cornett (Ore.), 240 P. 2d 231; Biggs v. Toone (Ky.), 244 S. W. 2d 443; Wall v. Van Meter (Ky.), 223 S. W. 2d 734; cf. Wright v. Jackson (Ky.), 329 S. W. 2d 560.

3. Morseman v. Mangum, 2 Cal. Rptr. 67; Jones v. Mathis (Ky.), 329 S. W. 2d 55; cf. Fleming v. De Witt (Wash.), 249 P. 2d 776.

Court may not substitute its judgment for that of the jury, that merely because a verdict is low does not mean it is inadequate and a verdict will not be upset just because it is less than the expenses. Cases which agree substantially are cited below.[4]

The circumstances in the case before us are similar in various respects to those in the cases which have refused to disturb a jury verdict for special damages only without allowance for pain and suffering, but whatever may be the rule elsewhere, we find it firmly established in Maryland that whether the claim be of excessiveness or inadequacy the action of the trial court in allowing or refusing a new trial will rarely, if ever, be reviewed on appeal. In *Chiswell v. Nichols*, 139 Md. 442, 443, 444, a $300.00 verdict in a personal injury case was strongly attacked as grossly inadequate. The Court, in refusing to review the trial court's refusal of a new trial, cited 2 Poe, *Pleading and Practice* (Tiffany Ed.), Sec. 349: "Motions for a new trial are addressed to the sound discretion of the court, and from its action in granting or refusing them, whether absolutely or on terms, no appeal will lie." and then adopted the language of the Court in *Baltimore & Ohio Railroad Co. v. Brydon*, 65 Md. 198, 222: "By the immemorial practice of the Maryland courts, the jury has an unqualified right to form its judgment on the facts which the court determines to be legally sufficient, without any interference or control on the part of the Judge. After the verdict is rendered, the Judge who tried the case may set it aside and grant a new trial in his discretion, if justice so requires it. But the functions of this Court are much more limited. *We have no right to decide on the correctness or incorrectness of the verdict of a jury*. We are restricted entirely to the questions of law decided by the Court below" (italics ours) and then added the language of Chief Judge Alvey in a concurring opinion on a motion for reargument in the *Brydon* case: "The

---

4. Carpenelli v. Scranton Bus Co. (Pa.), 38 A. 2d 44; DeFoe v. Duhl (4th Cir.), 286 F. 2d 205; Alessi v. Farkas (Fla.), 118 So. 2d 658; Kraut v. Cornell (Dist. Ct. App. Cal.), 346 P. 2d 438; Wadsworth v. Gathright (Ark.), 330 S. W. 2d 94; Zellem v. Herring (D. C. Pa.), 102 F. Supp. 105.

law has provided a means of redress against *erroneous or unjust verdicts,* by motion for new trial, addressed to the court that heard the case; *but with that, this Court has nothing to do"* (italics ours).

In *White v. Parks,* 154 Md. 195, 203, this Court said: "The size of a verdict can only be given weight in this court in a comparatively restricted class of cases, where, if legal error is found in the rulings of the trial court, it becomes necessary to consider if the amount of the judgment is indicative of injury to the appellant." The Court in *Riley v. Naylor,* 179 Md. 1, 9, put it this way: "Merely a wide difference between the amount of damages laid in an action in tort for personal injuries and the amount awarded by the verdict of the jury affords no basis for an appeal by the plaintiff. It has long and uniformly been held that this appellate court has no right to decide on the adequacy or inadequacy in amount of a verdict by the jury. After a verdict is rendered, the court has the discretionary power to set aside the verdict and grant a new trial, if in the interest of justice. The action of the trial court in the exercise of this authority is not assignable as error on appeal."

In *Kennedy v. Crouch,* 191 Md. 580, 591, it was specified: "* * * it is not for the Court of Appeals to change the award of a jury unless reversible error has been committed." See also *Rephann v. Armstrong,* 217 Md. 90, 92; and compare *Havens v. Schaffer,* 217 Md. 323.

We have found no prejudicial error either in the admission of evidence or in the instructions to the jury, which, unexcepted to, charged that in determining damages they should consider and appraise the detriment to Leizear's health and well-being as a result of the accident. This being so, the adequacy of the verdict is not reviewable on appeal under the decisions of this Court even though it included no compensation for pain and suffering. It was the province of the trial court, in the exercise of a sound discretion to grant or refuse a new trial on the claim that the verdict was inadequate because of failure to award damages for pain and suffering, or otherwise. There has been no showing of an abuse of dis-

cretion and the trial court's action in refusing a new trial is not subject to appellate action.

*Judgments affirmed, with costs.*

BRUNE, C. J., concurring in part and dissenting in part filed the following opinion:

I am unable to agree with the view of the majority that the admission of the testimony that Leizear had been compensated for the time he was absent from work because of his disability was not prejudicial. The appellees claimed in urging the admission of this evidence that it had "a great deal" of "probative value" and that without it the plaintiff's counsel would have "the jury believe that this man hasn't received any money for those two weeks." The evidence is conceded by the majority to have been inadmissible for that purpose and it is also conceded by the majority that a proper foundation for its admission as supporting a claim of malingering had not been established. The trial court gave an instruction excluding its consideration "with respect to loss of earnings" and coupled this with the statement "but it is his earning capacity which is compensable." The court's instructions on damages for pain and suffering were not in the usual form and seem to have been tied in very closely with future health and possible disability. It is difficult to tell whether past pain and suffering were even treated as separate elements of damages in the instructions given, and certainly there was no instruction that the evidence of payment during disability was not to be considered with regard to them. Any effect that this evidence may have had upon damages for pain and suffering was certainly not eliminated, in my estimation, by the instruction to disregard it as to earning power. It was, I think, left for consideration as primary evidence of malingering. I do not think that Leizear waived his right to press this point by failure to except to the charge on the ground that it should have excluded this evidence from consideration by the jury for any purpose.

I agree with the majority opinion as to West's case and in its holding that (at least apart from any question of nominal

damages) under our law a verdict in a personal injury case is not, as a matter of law, invalid because it does not include an award for pain and suffering. The so called standard damage prayer in general use in this State for about ninety-five years and frequently approved by this Court (see *Rhone v. Fisher,* 224 Md. 223, 225, 167 A. 2d 773), calls for an allowance by the jury for these and other items only "in such amount as, in your [the jury's] opinion, will be a fair and just compensation for said injuries, loss and expenses."