# WILBERT BOONE ET UX. *v.* CLIFTON BROWN

[No. 698, September Term, 1970.]

*Decided August 6, 1971.*

The cause was argued before THOMPSON, POWERS and GILBERT, JJ.

*Bernard Brager* for appellant.

*Patrick A. O'Doherty* for appellee.

GILBERT, J., delivered the opinion of the Court.

Wilbert Boone (Boone) is dissatisfied with the verdict of $943.24 rendered in his favor by the Baltimore City Court. A separate verdict of $263.88 for Boone's wife, Katie, as a result of damage to her motor vehicle, is not challenged on this appeal. Judge Ross directed a verdict for Mrs. Boone for the said sum after the amount had been agreed to by counsel. Thus, we are concerned here with only Boone's portion of the judgment.

On May 17, 1969, Boone was operating his wife's motor vehicle south on Bloomingdale Road, in Baltimore City. As he approached the intersection of Bloomingdale

Road and West Presbury Street, he stopped the vehicle in a line of traffic approximately nine cars long, all of which were waiting for the signal to change at the intersection in order that they might proceed. While stopped, the vehicle he was operating was struck in the rear by a vehicle owned and operated by Clifton Brown (Brown). Mr. Boone testified that upon impact he was thrown into the steering wheel and twisted his back. He says that approximately four hours after the accident he went to the family physician who gave him an injection and therapy. The evidence revealed that he remained under the care of the physician for about three months and visited the doctor on twenty-seven occasions, at which times he received therapy. He wore a brace for his back and a surgical collar for his neck.

He testified that the impact was so severe that it broke the front seat of the vehicle he was operating and drove him into the car stopped in front of him. However, at the trial, the estimate of repairs failed to substantiate the former claim.

As a result of the injuries Boone lost twenty days employment. He was, however, paid for the time that he was off from work.

The testimony established that the special damages consisted of $519.94 for medical expenses and $423.30 in lost wages. The jury's verdict was the total of these two figures.

Boone related to the jury that at the time of the impact he could not move for a few moments because he was injured and was in pain. He acknowledged that he made no complaint of injury to the investigating officer and that he told the Appellee (Brown) that he did not know whether he was hurt, but that he was "getting stiffer." Boone left the scene of the accident with Brown and drove Brown to Brown's home following the accident in order to get "insurance information" from him. Boone was questioned extensively on his health prior to the accident which he testified was excellent as far as he knew. On cross-examination it developed that the records

of the Baltimore Gas and Electric Company, his employer, indicated an unrelated condition of gout, and "angina pain of the heart area." He had testified that he had difficulty walking because of the accident, but gout, it was pointed out, gives rise to the same difficulties.

In his opening statement, counsel for Brown advised the jury that Boone was paid for the days he lost from work by the Gas and Electric Company. Boone's attorney moved for a mistrial, which was denied by Judge Ross.

Brown admitted that he was responsible for the accident and the only question presented to the jury was one of damages as a result of the degree of injury to the plaintiff. The plaintiff's doctor testified that plaintiff had "ten to fifteen percent disability of the neck as well as of the back." There was some question as to when the plaintiff first saw the physician. The doctor testified initially that he first saw the plaintiff on the 17th of May, the date of the accident, then stated he had first examined him on the 19th of May, then corrected this to the 17th, and stated that he began giving treatments on the 19th of May. The doctor's report failed to show that he saw Boone on the 17th of May, although he testified that he had a "note" that he actually saw him on the 17th.

On appeal, Boone raises the sole contention that prejudicial error was committed by the trial judge in admitting into evidence the fact that Boone was paid by his employer during the period of his absence from work.

The trial judge instructed the jury, "In arriving at the plaintiff's damages, you are to make no deductions because of the fact that his employer may have paid him for time that he lost from work." The Appellant excepted to this portion of the charge and Judge Ross responded:

> "Your exception is based on the fact that I didn't instruct them to totally disregard it; I think, in substance I told them the same thing, that they should make no deduction on account

of it. It is a question of phraseology, and in substance, as I say, I thought I had read to you in chambers exactly what I was going to instruct them, and at that time you did not request a different instruction, so I am not going to give a supplemental instruction."

Appellant, in his brief, relies solely upon *Leizear v. Butler,* 226 Md. 171 (1961). There, Butler took his eyes off the road, collided with the rear of a Montgomery County police car which had slowed to 10 or 15 miles an hour, or stopped entirely. When Butler saw the police car he could not stop and swerved to his left; nevertheless he struck the police car in the rear. Leizear received a verdict of $405.92 which consisted of the hospital and medical expenses, transportation to and from the doctor, and loss of wages for two weeks. On appeal, Leizear contended it was prejudicial error for the trial court to admit into evidence the fact that he was paid by Montgomery County for the period of time he lost from work. Judge Hammond [now Chief Judge] stated:

"* * *. Courts in other states have held that such testimony is admissible if there is evidence in the case of malingering or exaggeration of injury (*McElwain v. Capotosto* (Mass.), 122 N.E.2d 901; *Union Transports, Inc. v. Braun* (Tex. Civ. App.), 318 S.W.2d 927; cf. *Ridilla v. Kerns* (Mun. Ct. App. D.C.), 155 A. 2d 517) but is inadmissible if there is no such evidence or if the question is asked for the real purpose of mitigating the liability of the defendant (*R.E. Dumas Milner Chevrolet Co. v. Morphis* (Tex. Civ. App.), 337 S.W.2d 185; *McElwain v. Capotosto, supra,* at page 902 of 122 N.E.2d; *Hellmueller Baking Co. v. Risen* (Ky.), 174 S.W.2d 134)."

Chief Judge Hammond noted, however, that if Leizear was injured at all, it was slight. Examination of the

record in this case indicates that the essence of the defense was that Boone, if injured at all, was injured but slightly. In commenting upon the trial judge's instructions in *Leizear*, the Court of Appeals said:

> "We see no reason to decide whether the admission of the challenged testimony would of itself, without more, have beén prejudicial error in view of the court's explicit instructions on the point, to which there was no exception or request for amplification."

Here, there is an exception and a request for amplification, which request was denied by Judge Ross. The fact that the jury found a sum equal to the amount of the medical bills and the amount equal to the Appellant's time lost from work is clearly indicative of the fact that they heeded completely Judge Ross' instruction that they were to make no deduction as a result of any wages that may have been paid to Boone by his employer. It is evident that the jury simply did not believe that Boone was injured to such an extent that they were moved to compensate him.

We find from the record that no prejudicial error was committed by Judge Ross; not only were his instructions a clear unequivocal statement of the law, but, as we have said, the jury clearly understood.

Notwithstanding the fact that Brown admitted negligence, the jury evidently assessed Boone's credibility unfavorably and obviously rejected the medical testimony of the treating physician. See *Peroti v. Williams*, 258 Md. 663, 267 A. 2d 114 (1970).

*Judgment affirmed.*
*Costs to be paid by appellant.*