Forte, J.
This action is in contract to recover for masonry work. After trial and findings for the plaintiff, the report before us had to be established by the Appellate Division. Sebastian v. Randazzo, 1984 Mass. App. Div. 220. Although many issues were presented by the established report, most have been waived by the defendant’s failure to brief the issues, see Dist./Mun. Cts. R. Civ. P., Rule 64(f), or by the defendant’s express waiver at oral argument. The following issues remain for appellate consideration:
1. The trial judge’s failure to act upon the defendant’s requests for rulings (therefore considered denied) filed at the hearing on the motion for a *123 new trial.
2. The trial judge’s alleged abuse of discretion in denying the motion for a new trial.
A third claim of error, neither previously brought to the attention of the trial judge, nor raised before the Appellate Division on the petition to establish a report, is the alleged partiality or the appearance of partiality of the trial judge.
There was no error.
1. No action upon requests for rulings is ordinarily deemed a denial of the requests. Weene v. Pasquale, Mass. App. Div. Adv. Sh. (1977), citing Haven v. Brimfield, 345 Mass. 529, 533 (1963). In this case, the defendant submitted in conjunction with a motion for a new trial six requests for rulings based upon Mass. R. Civ. P., Rule 52. Each of these requests sought a determination that the trial justice was required by Mass. R. Civ. P., Rule 52 to make certain findings of fact. It has been stated repeatedly that the Mass. R. Civ. P. do not apply to trials in the District Court Department because they differ in many instances from the District and Municipal Court Rules of Civil Procedure. This case is illustrative of that difference. Rule 52 of the Mass. R. Civ. P. states that in all actions tried without a jury, the court shall find the facts specifically and state separately its conclusions of law thereon. Rule 52 of the Dist./Mun. Cts. R. Civ. P. states that a court may find the facts specially and state separately its conclusions of law thereon. Therefore, there was no error in the court simply filing a denial of the motion for a new trial without specifying its reasons and without ruling on the defendant’s requests as based upon Mass. R. Civ. P., Rule 52.
“ [0]ne cannot use a motion for a new trial under Dist./Mun. Cts. R. Civ. P., Rule 59 to raise issues that could have been [and were not] raised at trial.” Joseph Freedman Co. v. North Penn. Transfer, Inc., 338 Mass. 551 (1938). See also, Haines Corp. v. Winthrop Sq. Cafe, Inc., 336 Mass. 152 (1956).
2. “A motion for a new trial is directed to the sound discretion of the trial judge....” Kord v. Baystate Medical Center, Inc., 13 Mass. App. Ct. 909, 910 (1982); Dist./Mun. Cts. R. Civ. P., Rule 59.
Judicial discretion implies the “absence of arbitrary determination, capricious disposition or whimsical thinking.” Davis v. Boston Elen. Ry., 235 Mass. 482, 496 (1920).
In their briefs, both parties agree that there were two basic issues at trial.[3] Although the trial judge was not required to (Dist./Mun. Cts. R. Civ. P., Rule 52), he did in his decision make specific findings and reasons therefor on both basic issues, for which evidence has been introduced. No newly discovered evidence and no mistake of law injuriously affecting substantial rights of the moving party were offered in support of the defendant’s Rule 59 motion.
After hearing all the evidence at trial, nothing appeared to cause the judge to grant a new trial “to prevent a failure of justice.” Dist./Mun. Cts. R. Civ. P., Rule 59(a). “A tribunal cannot ordinarily be required to reconsider upon the same evidence its decision of fact or law.” Narbonne v. New England Elec. Steamship Co., 288 Mass. 508, 510 (1934).
There was no abuse of discretion.
3. The defendant’s argument as to alleged partiality or bias on the part of the trial justice is based upon the sentence, “ [i]t is unfortunate that the legislature did not see fit to grant to District Courts the authority to impose costs under *124 these circumstances.” This sentence appears in a memorandum dated July 8, 1983, thirteen months after the court’s finding and three post-trial hearings.
The defendant’s argument also makes reference to the judge’s statement in the same memorandum referring to a letter by defense counsel as “gratuitous.” Counsel stated in this letter that the parties agreed upon the contents of a report. The defendant stresses that the trial justice did not use said word when opposing counsel thereafter wrote the judge denying such agreement.
Although we note that this issue was neither raised before the trial judge, nor mentioned before this Appellate Division on the petition to establish a report, we have examined it and conclude there was no partiality, nor even a hint of it. At best, there was evidence of frustration or even irritation which may have understandably been caused by thirteen months of post trial motions, three draft reports and several hearings. “ ‘[A] show of evanescent irritation - a modicum of quick temper ... must be allowed even judges.’ ” Benioti v. Benioti, 18 Mass. App. Ct. 529, 533 (1984), citing Offutt v. United States, 348 U.S. 11, 17 (1954).
The established report is dismissed.

 These issues were: (1) whether the defendant was acting individually or as a trustee, and (2) whether the parties agreed upon a maximum price the plaintiff would charge.