Merrick, J.
Plaintiff Mary A. Giusto (“the landlord”) brought this action against defendant Giorgio Petruzziello (“the tenant”) to recover rent due under a lease of commercial property. The tenant counterclaimed for an alleged constructive eviction and resulting loss of profits.
Prior to the execution of the commercial lease, the tenant began construction of a building next door to the leased premises. The tenant paid rent for five months of the seven year term of the lease, abandoned the premises seven months after the commencement of the lease term and moved his business next door to his then completed building. It will suffice for the purposes of this opinion, see Norcross v. Mahan, 283 Mass. 403, 404 (1933), to recite that there were issues of fact between the parties at trial as to whether the tenant moved his operations to his own building because of electrical problems at the leased premises, whether and to what extent the landlord was liable to the tenant for the estimated costs of repairs to the leased premises in excess of $500.00, whether and for what purpose (s) the tenant continued to occupy the leased premises and whether the tenant sustained lost profits as a result of the move.
Neither party filed Dist./Mun. Cts. R. Civ. R, Rule 64(b) requests for rulings of law at the close of trial. The court entered a finding for the landlord on her complaint in the amount of $65,250.00, and for the tenant on his counterclaim in the amount of $9,500.00. The tenant thereafter filed a Dist./Mun. Cts. R. Civ. P, Rule 59 motion for a new trial, which was denied without a hearing. The tenant now *73 claims to be aggrieved by the judge’s failure to hold a Rule 59 hearing and his denial of the tenant’s new trial motion.
1. The tenant’s motion for a new trial was based on the stated grounds that the judgment for the landlord was against the evidence, the weight of the evidence and the law, and that the damages awarded were excessive on the complaint and inadequate on the counterclaim. A motion for a new trial is addressed solely to the discretion of the trial judge. Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 127 (1992); Coyle v. Cliff Compton, Inc., 31 Mass. App. Ct. 744, 749 (1992). ‘‘It is only in an extraordinary case revealing an abuse of judicial power, or an excess of jurisdiction or similar error, that the action of the trial court upon a motion for a new trial can be reversed. Menici v. Orton Crane & Shovel Co., 285 Mass. 499, 502 (1934). See generally, Adams v. United States Steel Corp., 24 Mass. App. Ct. 102, 103-104 (1987).
Having failed to file requests for rulings at trial to raise and preserve issues of law for appellate review, Hogan v. Coleman, 326 Mass. 770, 772 (1951); Arrow Paper Corp. v. Boylston Foods, Inc., 1 Mass. App. Ct. 808, 809 (1973), the tenant has endeavored belatedly to raise such issues by means of a motion for a new trial. It is well established, however, that a party may not as of right raise issues for the first time on a motion for a new trial which he could have raised at trial by means of requests for rulings of law. Randazzo v. O’Brien, 1985 Mass. App. Div. 122, 123. See generally, O’Donnell v. Bane, 385 Mass. 114, 129 (1982); Eva-Lee, Inc. v. Thomson General Corp., 5 Mass. App. Ct. 823 (1977).
Moreover, the purported “errors of law” which the tenant advances as grounds for a new trial herein amount in each instance to little more than the trial judge’s refusal to adopt the tenant’s view of the evidence on various factual issues such as constructive eviction, breach of contract and damages. It is obvious that the trial judge would not have been bound by even uncontroverted evidence introduced at trial, Piemonte v. New Boston Garden Corp., 377 Mass. 719, 733 (1979); Daniel v. Jardin, 320 Mass. 764 (1946), and that his findings of fact would not be reversed on appeal unless clearly erroneous. Dist./Mun. Cts. R. Civ. R, Rule 52(a).Freyermuth v. Lutfy, 376 Mass. 612, 615 (1978). The tenant has failed to demonstrate that the court’s findings of fact and assessment of damages were tainted by error of law or unsupported by a reasonable view of the trial evidence, or that a new trial was in any way necessary to avoid a miscarriage of justice. See generally, Drivas v. Barnett, 24 Mass. App. Ct. 750, 755 (1987). Under such circumstances, there was no abuse of discretion in the denial of the tenant’s motion for a new trial.
2. In a non-jury case, a party may not be heard as of right on a motion for a new trial on the grounds that the judgment was against the evidence or the weight of the evidence, or that the damages were excessive or inadequate. McElwain v. Capotosto, 332 Mass. 1, 3 (1954); Menici v. Orton Crane & Shovel Co., supra at 502. Under former G.L.c. 231, §129, a party was entitled to be heard on a motion for a new trial only on the grounds of “mistake of law” or “newly discovered evidence.” Id. at 502; O’Grady v. Supple, 148 Mass. 522 (1889). That statute was repealed by St. 1973, c. 1114, §205 upon the adoption of the Massachusetts Rules of Civil Procedure. Such Rules expressly require a hearing on a motion for a new trial only in the Superior Court when a new trial is to be granted because the damages are excessive or inadequate. Mass. R. Civ. R, Rule 59(a). Even that requirement is not present in Dist./Mun. Cts. R. Civ. R, Rule 59 governing new trial motions in the District Court Department.
Moreover, even if the tenant had a technical right to a hearing on a motion for a new trial which alleged legal error, the absence of any properly raised legal issues in this case renders the failure to hear him at most harmless error. McElwain v. Capotosto, supra at 3.
Report dismissed.