Coven, J.
This is a Dist/Mun. Cts. R. A D. A, Rule 8C, appeal by the plaintiff-landlord of a general finding made in favor of the defendant-tenants after a summary process bench trial. The plaintiff did not file requests for rulings of law and simply contends on this appeal that the court’s general finding was clearly erroneous or constituted an abuse of discretion.
The record indicates that the plaintiff sought to evict the defendants on the ground that they violated their lease by “knowingly” providing false information about their income.[2] It was the plaintiff’s contention at trial that the defendants “knowingly” overstated their income to qualify for occupancy and “knowingly” understated their income to become eligible for a rent subsidy. Neither parly filed requests for rulings of law at the close of the evidence, and the trial court (fid not *31 elect to make voluntary findings of fact in connection with its general finding for the defendants. Judgment was entered on April 7,2000.[3]
1. The sole issue of law argued by the plaintiff on this appeal is one of the sufficiency of the evidence adduced at trial. The plaintiff contends that the evidence categorically required a finding in its favor as a matter of law. Yet the plaintiffs appeal affords no permissible basis for our review of that contention. The plaintiff failed to raise the issue in the trial court by filing a Mass. R Civ. E, Rule 64A(b) (2), request for ruling of law or even a motion for a required finding. It is elementary that appellate review is restricted to issues of law properly and timely raised in the trial court and preserved for appeal in the form of the trial courfs rulings.[4] Cummings Properties Management, Inc. v. C.T. Whittier & Assoc., Inc., 1997 Mass. App. Div. 153, 154. In neglecting to file appropriate requests for rulings of law, the plaintiff effectively waived appellate consideration of die issue it now advances. Worcester County Nat’l Bk. v. Brogna, 386 Mass. 1002, 1002-1003 (1982); MacLeod v. Commonwealth Capital Funding Corp., 2000 Mass. App. Div. 239, 240; Subway Real Estate Corp. v. Marinello, 1999 Mass. App. Div. 180.
In the absence of a ruling of law obtained upon a proper request, which could have been die subject of appellate consideration, the plaintiff based filis appeal on nothing more than its objection to the court’s general finding for the defendants. However, it is settled that an appeal of a general finding does not present a question of law for appellate review. Boston Spine Clinics, Inc. v. Middlesex Ins. Co., 1999 Mass. App. Div. 295, 296; Ducker v. Ducker, 1997 Mass. App. Div. 147, 148. “The reason is that... [appeals] lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented.” Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 386 (1955), quoting from Muir Bros. Co. v. Sawyer Constr. Co., 328 Mass. 413, 414-415 (1952). See also Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96-97.
*32 Contrary to the plaintiff’s contention, the cases of MacLeod v. Commonwealth Capital Funding Corp., supra; LaBonte v. Commercial Union Ins. Co., 2000 Mass. App. Div. 111 and Boston Univ. v. Raymond, 1997 Mass. App. Div. 47 do not stand for the proposition that this Division is authorized to review the validity of a general finding. In each of those cases, the trial judge made written findings of fact which permitted a review of the record to determine if the findings were “clearly erroneous.” See Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172. There are no findings of fact in this case.[5]
2. The plaintiff also alleges error in the denial of its postjudgment motion for reconsideration of the general finding for the defendants. The trial judge denied the motion without findings, as he was entitled to do. The “bare denial” of a motion for reconsideration “ordinarily indicates that the judge declined to entertain and consider the motion on its merits.” Baybank v. Dirico, 1996 Mass. App. Div. 30, 31-32. The sole question thus presented is whether the judge’s refusal to reconsider constituted an abuse of discretion.
It is settled that where “there has been no change of circumstances, a judge is not obligated to reconsider a prior ruling; the decision to do so rests within the judge’s discretion.” Mattapan Medical v. Metropolitan Prop. & Cas. Ins. Co., 2000 Mass. App. Div. 197, 199. The plaintiffs motion presented no new evidence, but merely sought a ruling on the same issue the plaintiff failed to raise prior to judgment by a timely Rule 64A(b) (2) request; namely, that the evidence required a finding in the plaintiffs favor as a matter of law. A par ty “may not raise by post-trial motion a legal issue which they Med to preserve at trial.” Hernandez v. Perez, 1995 Mass. App. Div. 131, 131-132. See also Randazzo v. O’Brien, 1985 Mass. App. Div. 122, 123. Moreover, on a post-trial motion “in a non-jury case, a party may not be heard as of right... on the grounds that the judgment was against the evidence or the weight of the evidence.” Giusto v. Petruzziello, 1994 Mass. App. Div. 72, 73 and cases cited. There was no abuse of discretion in the trial judge’s denial of the plaintiffs motion for reconsideration.
Appeal dismissed. The defendants’ motion for Dist/Mun. Cts. RA.D.Í, Rule 25, sanctions against the plaintiff is denied. However, the defendants are entitled to single costs of this appeal (exclusive of attorney’s fees) which are to be assessed by the trial court clerk pursuant to Rule 26(d) upon the submission by the defendants of the documentation required by Rule 26 (c).
So ordered.

 Paragraph 25 of the parties’ occupancy agreement provides that “knowingly giving the Landlord false information regarding income... is a material noncompliance with the lease subject to termination of tenancy.”

 The plaintiff has filed a motion to strike from the record certain “findings” made by the trial court on June 29, 2001. The motion is allowed. By way of explanation, those “findings” were added to the trial judge’s settlement of a partial statement of evidence in lieu of a transcript After the plaintiffs notice of appeal was filed, it was discovered that an audio tape of the first day of trial was unavailable because of a defect in the courtroom tape. When the parties could not agree on a summary of the testimony given that day, they submitted to the trial judge proposed statements of that evidence pursuant to Dist/Mun. Cts. R A. D. A, Rule 8C(e) (which file plaintiff has repeatedly and mistakenly cited as Mass. R A E, Rule 8(c)). The judge settled the testimony dispute and added his own findings of fact to the evidentiary summary, but expressly qualified the findings by indicating that they were not made pursuant to Mass. R. Civ. P., Rule 52(c). See Stigum v. Skloff, 433 Mass. 1011 (2001). The findings, which were “based on all of the testimony” were not necessary to the Rule 8C(e) summary of the testimony of the plaintiffs witnesses given on the first day of trial More significantly, the findings were made on June 29, 2000, more than two months after judgment The time for altering, amending or malting any trial findings after judgment including findings which may not rise to the level of a full Rule 52 (c) presentation, is governed by Rule 52(d). That rule provides, in relevant part “upon its own initiative, not later than 10 days after entry of judgment the court may amend its findings, if any, or make additional findings....”

 And the burden of doing so is not onerous. Rule 64A sets forth not only the method, but also the specific language, for a request for ruling of law on the sufficiency of the evidence. All that is needed is for the party to submit to the trial judge at the close of all the evidence a written request in the following form specified by Rule 64A(b)(2): “The evidence does not warrant a finding for [opposing party] and therefore a finding for [requestor] is required as a matter of law.”

 Another narrow exception to the usual unavailability of an appeal where no requests for rulings of law or dispositive motions have been filed “is operative in those limited cases in which requests for rulings ‘would serve little purpose,’... because all material, subsidiary facts have been found or agreed upon and only a question of law remains for the courfs determination. Included within this exception is a case stated. Western Mass. Theaters, Inc. v. Liberty Mut. Ins. Co., 354 Mass. 655, 657 (1968).” General Elec. Capital Auto Lease, Inc. v. Bay State Communications, Inc., 1993 Mass. App. Div. 152, 153. That exception is inapplicable in this case. Contrary to the plaintiffs argument, the issue of whether the defendants “knowingly” gave the plaintiff false information was in dispute. The plaintiff relied extensively on the testimony of its manager, much of which was contradicted by the defendants’ own testimony. Moreover, even if we were to agree that the evidence was uncontroverted, a finder of fact is not bound to accept even uncontra-dicted testimony. Piemonte v. New Boston Garden Corp., 377 Mass. 719, 733 (1979).