Brant, J.
On February 25,2004, defendants Amelia Maloney (“Maloney”) and her husband, Attorney R. Dave deHerdt (“deHerdt’)[2]» signed a contract with Keystone Montessori School, Inc. (“Keystone”) to enroll their daughter, Isabella deHerdt (“Isabella”), in Keystone’s 2004-2005 preschool and kindergarten half-day morning program. Keystone is a licensed, privately owned school that offers classes to preschool children as young as three as well as to kindergarten and early elementary school children. The school operates according to pedagogical principles originally formulated by Maria Montessori approximately one hundred years ago, and is approved by the American Montessori Society. Among the core principles of Montessori education is the desirability of a heterogeneous mix of ages among the children in each class.
The contract Maloney and deHerdt signed required $5,250.00 in tuition for Isabella’s school year. Maloney and deHerdt included a deposit of $1,050.00 with their contract and made a subsequent payment, leaving a balance owed to Keystone of $1,831.15 at the time the dispute between the parties arose. The contract expressly and unambiguously provided that tuition payments were nonrefundable and that there was no guarantee of placement of a child into any specific classroom or with any specific teacher.
Isabella had been enrolled in the half-day morning program at Keystone for the previous two school years. Students in that class ranged in age from preschool three year olds to kindergarten age students. Maloney and deHerdt had been very happy with Keystone’s program, and wanted Isabella to remain in that program for a third year even though she would be five and of kindergarten age. Although Keystone was offering a full-day combination kindergarten and first grade class in 2004-2005, both the school and Maloney and deHerdt agreed that Isabella was developmental *176 ly more suited for a third year in the half-day preschool/kindergarten morning program. In addition, Maloney and deHerdt preferred to have Isabella home in the afternoon.
Efforts by Maloney and deHerdt to avoid the contract they had signed began when Maloney received Isabella’s class list for the 2004-2005 school year. Maloney noticed that at least three of Isabella’s classmates from the previous year, all of whom had by then reached kindergarten age, were not enrolled in the class, and concluded that Isabella would be the oldest and the only kindergarten age child in the 2004-2005 half-day morning program. Isabella’s classroom teacher confirmed that Isabella’s three former classmates had transferred to public school kindergarten classes, but reiterated the opinion shared by Maloney and deHerdt that Isabella, even at age five, would benefit from a third year in the half-day morning program given her developmental stage. Further, there was no evidence that there would not still have been a range of ages among the children in Isabella’s program.
Despite these undisputed facts, Maloney and deHerdt demanded that Keystone return their contract payments so they could withdraw Isabella from Keystone and enroll her in public school. Keystone refused, citing the clear contract language that tuition payments were nonrefundable. But Keystone endeavored to remedy what Maloney and deHerdt claimed was their concern by offering several alternatives for Isabella that would have placed her with children her own age, including her enrollment in the half-day afternoon program, in the new full-day kindergar ten/first grade class at a substantially reduced tuition cost, or in the kindergar ten/first grade class for the morning portion only. Maloney and deHerdt rejected every one of those proposed solutions to their complaint, and removed Isabella from Keystone.
Keystone commenced this action against Maloney and deHerdt for their breach of contract to recover the $1,831.15 balance they owed. Maloney and deHerdt counterclaimed for what they alleged was Keystone’s breach of contract and violation of G.L.C. 93A. deHerdt represented himself and Maloney in the case.
The parties’ competing breach of contract claims were tried before a jury, which returned verdicts for Maloney and deHerdt on both Keystone’s claim and on their counterclaim, and awarded damages in the full amount of the contract payments they had made to Keystone for the school year in question. The judge, who had reserved the G.L.c. 93A counterclaim for himself, not only found for Maloney and deHerdt on that counterclaim, but also assessed double damages and awarded $6,312.50 in attorney’s fees to deHerdt for his representation of Maloney.[3] Keystone filed this appeal.
As Keystone did not appeal the jury verdicts for Maloney and deHerdt on the breach of contract claim and counterclaim, or the jury’s $3,418.35 award of damages to them, questions about the validity of those determinations are not before us. Keystone instead limited its appeal to its allegations of error in the trial judge’s finding for Maloney and deHerdt on their G.Lc. 93A counterclaim and his award of double damages and attorney’s fees. The issues Keystone argues, however, cannot be considered.
*177 “[A]n appeal to this Appellate Division, or any appellate court, is restricted to issues of law properly raised in the trial court and preserved for appellate review in the form of the trial court’s rulings.” 207-211 Main St., LLC v. Beeba Ltd., 2007 Mass. App. Div. 92, quoting Ducker v. Ducker, 1997 Mass. App. Div. 147, 148. At the time of the trial of this action, the prescribed method of raising and preserving questions of law was the filing of Mass. R. Civ. P., Rule 64A, requests for rulings of law.[4] Skowronski v. Sachs, 62 Mass. App. Ct. 630, 632 (2004); Owens Gen. Contr., Inc. v. Grzyb, 2007 Mass. App. Div. 134. Keystone did not file any Rule 64A(a) requests setting forth propositions of the substantive law governing the G.Lc. 93A counterclaim,[5] Tammaro v. Haliotis, 1998 Mass. App. Div. 82, 83; or any Rule 64A(b) requests testing the sufficiency of the evidence to have warranted a G.L.c. 93A finding for deHerdt and Mahoney, or to have permitted an award of punitive damages. Cardoza v. Cardoza, 2006 Mass. App. Div. 137, 138. Although Keystone filed a motion for a new trial alleging error in the court’s award of double damages, “a party may not as of right raise issues for the first time on a motion for a new trial which he could have raised at trial by means of requests for rulings of law.” Giusto v. Petruzziello, 1994 Mass. App. Div. 72, 73.
In the absence of issues of law properly raised in the trial court and preserved for our review, Keystone’s appeal is dismissed. Campbell v. Toner, 2006 Mass. App. Div. 121, 122.
So ordered.

 While the plaintiff refers to Attorney Richard D. deHerdt as R. David deHerdt, the defendant signed the contract and the pleadings throughout this case as R. Dave deHerdt.

 deHerdt did not seek attorney’s fees for his self-representation, and reduced his hourly fee by half in an attempt to demonstrate that his G.L.c. 93A attorney’s fee request included only his work on behalf of Maloney, his codefendant and spouse, on their joint defenses and counterclaims.

 Rule 64Awas repealed effective March 1, 2008. See Mass. R. Civ. R, Rule 52(c), as amended March 1,2008.

 See Poly v. Moylan, 423 Mass. 141, 151 (1996) (trial judge not bound by jury’s findings on underlying common law claims in deciding G.L.c. 93A claim); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 100 (1979) (not every breach of contract constitutes a G.L.c. 93A violation); Calloway v. Granitsas, 2004 Mass. App. Div. 53, 54 (conduct violating G.L.c. 93A must have “requisite extortionate quality”); Limina v. Tenaglia, 1992 Mass. App. Div. 58, 60 (imposition of G.L.c. 93A punitive damages requires evidence of wilful and knowing statutory violation, bad faith, or other “callous” or “egregious” conduct by defendant).