## HAVENS v. SCHAFFER

[No. 263, September Term, 1957.]

324

*Decided June 17, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Ralph W. Powers,* with whom was *Thomas B. Yewell* on the brief, for appellant.

The Court declined to hear argument for the appellee. *James F. Couch, Jr., Couch and Blackwell, Vance V. Vaughan,* and *Vaughan and Mitchell* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, William Edward Havens, who was an infant at the time of the automobile accident here involved, and his father, Vernon Leonard Havens, were plaintiffs in a suit against the appellee, John Albert Schaffer, for damages for personal injuries sustained by the appellant and for medical and hospital expenses incurred by his father as a result of an automobile collision. The trial resulted in the jury returning a verdict for "the plaintiff" and finding the damages in favor of the father in the amount of $3,112.30 and finding no damages in favor of the son. Judgments were entered in accordance with these findings, and the son (only) appeals.

We may assume that if the jury found a verdict in favor

of the son, but did not make a finding of any substantial damages in his favor, the verdict as to the son should have been for nominal damages of one cent. *Coca-Cola Bottling Works v. Catron,* 186 Md. 156, 46 A. 2d 303; *Salisbury Coca-Cola Bottling Co. v. Lowe,* 176 Md. 230, 4 A. 2d 440; *Mason v. Wrightson,* 205 Md. 481, 109 A. 2d 128; Restatement, Torts, § 907. Doubtless because of the triviality in amount, reversal is not asked in this court on that account, and the matter is accordingly not before us for decision.

The appeal is founded upon the contention that the trial court improperly instructed the jury on contributory negligence on the part of the appellant, that there was no evidence to support an instruction on that subject and that the effect of the granting of such an instruction was to prejudice the jury against the appellant on the question of damages.

The medical testimony is not included in the printed record. The court's instructions indicate that the medical and hospital expenses incurred by the appellant's father were in the exact amount for which the jury returned a verdict in his favor, and that the appellant, who had reached the age of twenty-one years by the time of trial, would have to expend $850 for some further treatment, if he should desire to take it.

If the verdict was inadequate, that could have served as the basis of a motion for a new trial (II *Poe, Pleading and Practice* (5th Ed.), §§ 335, 345, 346, 39 *Am. Jur., New Trial,* §§ 145, 147). Likewise, a defect in the form of the verdict could have been attacked by a motion in arrest of judgment, which would be appealable (I *Poe, op. cit.* § 761, *Davis v. Bd. of Education of Anne Arundel County,* 168 Md. 74, 176 A. 878); or it could have been attacked by a motion for a new trial (*Davis v. Bd. of Education of Anne Arundel County, supra*). No motion in arrest or motion for a new trial was made.

Since the verdict was for the plaintiff, it seems that the instruction with regard to contributory negligence was harmless and, hence, even if it was erroneous, it would not warrant a reversal. *McKay v. Paulson,* 211 Md. 90, 126 A. 2d 296.

Beyond this, on the evidence in this case, we think that it

was not erroneous for the trial court to give an instruction with regard to contributory negligence on the part of the appellant. He was one of five young men or boys in a car which belonged to one of the others and which was being driven by the appellee, Schaffer. The appellant was sitting in the front seat beside the driver. Before they had driven out of the private driveway of the home of a girl whom they (or some of them) had visited, some horseplay began with the breaking of a raw egg over the head of the driver. This was followed by the addition of beer and the rubbing of this shampoo over Schaffer's scalp. These attentions were administered by two of the boys in the rear seat. Following the shampoo, one of them put his hands over Schaffer's eyes momentarily. The owner of the car finally protested and the horseplay quieted down a good deal, if not entirely. By this time the car had proceeded some distance—probably about three-quarters of a mile on a public highway.

At about this time, the beer and egg mixture had run down the driver's back to the seat of his pants and he feared that it might get on a picture of the girl whom they had just visited, which she had given to Schaffer and which he was sitting on, apparently to protect it. Schaffer then took the picture out to examine it, paid no attention to the road while doing so, but kept the car moving, apparently without even slowing down. The appellant, who was turned so as to talk to the boys in the rear seat undoubtedly could have seen Schaffer's actions, but evidently paid no attention to them. The car approached a curve in the road, Schaffer was not looking at the road, made no attempt to follow the curve and permitted the car to head over into the lane for traffic moving in the opposite direction. A car properly travelling in the opposite direction in that lane was approaching the turn. The owner of the boys' car shouted a warning, which came too late, a collision followed and the appellant was seriously injured.

It is settled that it is the duty of a guest in an automobile to exercise reasonable care to discover danger, and if he does or should discover it and is aware that it is due in whole or in part to the manner in which the car is being operated, or

to the conduct of the driver, it is negligence for him to sit supine and indifferent without warning or protest. What will amount to reasonable care is ordinarily a question for the jury. *Dashiell v. Moore,* 177 Md. 657, 672, 11 A. 2d 640, 647; *Mitchell v. Dowdy,* 184 Md. 634, 640-642, 42 A. 2d 717; *United Rys. & Elec. Co. v. Crain,* 123 Md. 332, 91 A. 405. That rule is applicable here.

Even if there was any error with regard to the particular kind of protective action suggested in the court's instruction, we think that it was harmless in view of the jury's finding for the plaintiff.

*Judgment affirmed, with costs.*