89 N.J. Super. 196 (1965)
214 A.2d 443
MARGARET BITTING AND ROBERT BITTING, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
DOUGLAS C. WILLETT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1965.
Decided November 4, 1965.
*198 Before Judges GOLDMANN, FOLEY and COLLESTER.
*199 Mr. Morrey Lacktman argued the cause for appellants (Mr. S. Arthur Levy, attorney).
Mr. William S. Zink argued the cause for respondent (Messrs. Bleakly, Stockwell & Zink, attorneys; Mr. W.M. Balliette, Jr., on the brief).
The opinion of the court was delivered by FOLEY, J.A.D.
Margaret Bitting was a passenger in an automobile owned and operated by her husband Robert when that vehicle was in collision with an automobile owned and operated by defendant. As a result of the occurrence Margaret sustained personal injuries for which she brought this action; her husband joined per quod. A jury trial of the case resulted in a verdict of $10,000 in favor of Margaret and $5,000 in favor of Robert.
Plaintiffs moved for a new trial alleging, inter alia, that the verdicts were inadequate. The trial court found that it "clearly and convincingly" appeared that "the verdict for Margaret Bitting was inadequate," and gave defendant "an option to pay an additional $2,500 on behalf of Margaret Bitting or in the absence of accepting the additur to going to a new trial." No order was ever entered increasing the verdict of $10,000 to $12,500 and entering judgment thereon. Defendant filed an acceptance of the additur, but plaintiffs rejected it in writing. Thereupon, the trial court entered an order dismissing plaintiffs' motion for a new trial, the effect of which is to leave Margaret Bitting with a judgment of $10,000 which the trial court found to be inadequate. Plaintiffs appeal.
Initially, plaintiffs contend that the jury verdict of $10,000 was inadequate, and further that the amount of the additur did not cure the inadequacy of the jury award. We decline to pass upon the sufficiency of the additur since, as we have already observed, the trial court never formally increased the award by order, and thus no appeal from the court's oral directive lies. We concern ourselves only with the order denying the motion for new trial.
*200 Preliminarily, it may be stated that the defendant on this appeal did not urge that liability was in doubt, and consequently that Margaret's verdict, if found to be inadequate, resulted from a compromise which would require a new trial on all issues rather than on damages only. On the contrary, defendant's position is that the verdict of $10,000 in favor of Margaret was not so inadequate that the determination of the jury should have been disturbed.
The scope of our review of a trial court's disposition of a motion for new trial is sharply circumscribed. Appellate courts are denied the privilege of disturbing the order of the trial court unless it clearly and unequivocally appears that there was effected thereby a manifest denial of justice under the law. Kulbacki v. Sobchinsky, 38 N.J. 435, 452 (1962). Our review of all of the evidence pertaining to the claim of Margaret Bitting leads us to the conclusion that the trial court's finding that the verdict in her favor was inadequate, did not exceed the limits placed upon a trial court by cases such as Kulbacki, supra, and Hager v. Weber, 7 N.J. 201, 210 (1951). Thus, we hold that the trial court's finding that the verdict was so inadequate as to require either a new trial as to damages only, or additur, cannot be said to represent a manifest denial of justice to the defendant requiring our intervention.
But the question before us is whether the trial judge having found the $10,000 verdict to be inadequate, and having resorted to additur with respect to it, translated his findings into an order which conforms with recognized practice, and did justice to both parties. We think the judge failed in this respect.
The procedure of additur has been approved by our cases where the issue of liability has been clear and properly decided against the defendant and only the adequacy of the amount of the jury's verdict is in question. Fisch v. Manger, 24 N.J. 66 (1957); Moran v. Feitis, 69 N.J. Super. 531 (App. Div. 1961). Additur and remittitur serve the laudable purpose of avoiding a further trial where substantial *201 justice may be attained on the basis of the original trial. Fisch, supra, 24 N.J., at p. 80. When a trial court determines that a verdict is inadequate it may order an increase in the verdict giving the option to the defendant of accepting the verdict as increased or submitting to a new trial on the issue of damages only. If the defendant accepts the additur, judgment is entered in the increased sum. Thereupon, plaintiff may either accept satisfaction of the judgment, or appeal therefrom upon the ground that even the increased amount is inadequate. Upon such appeal the reviewing court may either affirm, grant a further increase in the award, or order a new trial as to damages only. But in no event may a plaintiff whose verdict has been found by the trial court to be inadequate be denied relief from the inadequate verdict simply because he declines to accept the verdict as increased, and thus be left with the original verdict. That is what happened in this case when the court denied plaintiff Margaret Bitting's motion for a new trial because plaintiffs refused to accept an additur not reduced to an appealable order or judgment. In these special circumstances we think it would be unwise for us to fix an additive sum and permit either of the parties to proceed at their respective options as above set out. We think it better that the verdict in favor of Margaret Bitting be set aside and a new trial granted to her as to damages only. Cf. Fisch v. Manger, supra, 24 N.J., at p. 80.
The denial of the motion of Robert Bitting for a new trial on his count for consequential damages is fully supported by the evidence and is affirmed.
Reversed and remanded for a new trial as to Margaret Bitting's damages only.