MARGARET BITTING AND ROBERT BITTING, HER HUS-
BAND, PLAINTIFFS-RESPONDENTS, v. DOUGLAS C.
WILLETT, DEFENDANT-APPELLANT.

Argued February 8, 1966—Decided April 4, 1966.

*Mr. Burchard V. Martin* argued the cause for appellant (*Messrs. Taylor, Bischoff, Neutze & Williams,* attorneys; *Mr. Martin,* of counsel and on the brief).

*Mr. Morrey Lacktman* argued the cause for respondents (*Mr. S. Arthur Levy,* attorney; *Mr. Lacktman,* of counsel and on the brief).

PER CURIAM. Defendant appeals from a judgment of the Appellate Division remanding plaintiff's, Mrs. Bitting's, automobile accident claim for a new trial as to damages only. The jury had returned a *per quod* verdict for plaintiff, Robert Bitting, in the sum of $5,000 and for plaintiff, Margaret Bitting, his wife, in the sum of $10,000. Upon plaintiffs'

motion for a new trial as to damages only, the trial court decided that unless defendant agreed to an *additur* of $2,500 to the verdict of $10,000 for Mrs. Bitting, a new trial would be granted. Defendant consented to the increase but plaintiffs rejected it as inadequate whereupon the court entered an order dated December 11, 1963 denying the motion for a new trial.

On plaintiffs' appeal, the Appellate Division found that defendant's liability was clearly established, and determined that the appeal was upon the judgment of $10,000 as the trial court had not corrected its judgment of October 14, 1963 which had been entered on the jury's verdict to reflect the *additur*. It further determined that, as the plaintiffs refused to "accept an *additur* not reduced to an appealable order or judgment," it would be "unwise for us to fix an additive sum." It set aside Mrs. Bitting's award and remanded the cause for a new trial as to her damages only. It also held that the verdict of $5,000 in favor of Mr. Bitting was adequate. 89 *N. J. Super.* 196 (*App. Div.* 1965). We certified the cause upon petition of the defendant, 46 *N. J.* 216 (1966).

We agree with the Appellate Division that a new trial of all issues should be denied, and that the liability of the defendant was well-established and need not be submitted for determination. *R. R.* 4:61–1; *Dahle v. Goodheer,* 38 *N. J. Super.* 210 (*App. Div.* 1955), certif. denied 20 *N. J.* 534 (1956).

As to Mrs. Bitting's claim for pain, suffering and loss of income, defendant contends that, even if it may be said that the $10,000 award was so inadequate that a new trial is required, the award of $12,500 was more than ample. He contends that the Appellate Division should have corrected the oversight in the judgment of the trial court so that it reflected the $2,500 *additur* award and then should have reviewed the adequacy of a $12,500 judgment. Plaintiff contends that the Appellate Division properly refused to interfere with the $10,000 judgment, for when they rejected the amount of the *additur* as inadequate the trial court should have either

granted a new trial in any event or merely denied the new trial motion without *additur* as was done.

In *Fisch v. Manger*, 24 *N. J.* 66, 72 (1957) Mr. Justice Jacobs reviewed the history of *additur* procedure in this State and described *additur* as an order denying the plaintiff's application for a new trial on the condition that the defendant consent to an increase in the jury's award as specified by the trial judge. The option of accepting an *additur* rests with a defendant and if defendant accepts it, the judgment should reflect the added sum without regard to plaintiffs wish. The plaintiff may then accept the judgment as thus enlarged or may appeal. Although, here, the judgment erroneously did not reflect the increased figure, nonetheless the Appellate Division should have reviewed the trial court's finding that the *additur* was the proper disposition of the motion. The matter is remanded to the Appellate Division to that end.

We should not be understood to suggest that the Appellate Division could not, after such review, conclude that justice will be better served by a new trial as to damages only.

Remand, no costs.

*For remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.