Elizabeth McCALL, Appellee,

v.

Carolyn Marie WAER and Richard Waer,
Appellants.

W. H. McCALL, Appellee,

v.

Carolyn Marie WAER and Richard Waer,
Appellants.

Supreme Court of Tennessee.

Nov. 20, 1972.

Merle Johnson, Knoxville, for appellants.

R. T. Mann, James W. Justice, Privette & Mann, Knoxville, for appellees.

OPINION

HUMPHREYS, Justice.

Elizabeth McCall and her husband, W. H. McCall, sued Carolyn Waer and Richard Waer, in companion suits, for personal injuries allegedly received by Mrs. McCall in an automobile collision, and medical expenses, loss of services and consortium suffered by W. H. McCall as a result of Mrs. McCall's injuries. The Waers admitted that their negligence had caused the accident, but denied that Mrs. McCall had sustained the injuries she alleged: a fractured rib, and neck and back injuries. Mrs. McCall's proof was to the effect that the accident either activated and aggravated a pre-existing cervical spine condition, or caused the injury. She supported these allegations by expert medical evidence. The Waers offered no contradictory proof.

The cases were submitted to the jury only on the issues of injury and damages. Although the evidence was that following the collision Mrs. McCall received medical attention which resulted in approximately $1,500.00 in medical expenses to Mr. McCall, the jury returned a not guilty verdict. Both plaintiffs moved for new trials or in the alternative for additurs. Without specifically stating the grounds, the trial judge found the motions for additur were good, and granted an additur of $1,500.00 in each case.

Defendants neither refused the additurs subject to a new trial, nor accepted under protest, but appealed to the Court of Appeals, assigning as error that the trial court erred in awarding additurs where the verdicts of the jury had been for the defendants. The Court of Appeals reversed, holding that the effect of the trial judge's action was to direct a verdict for the plaintiffs, thereby denying the defendants their right to a jury trial. As the additur statute is comparatively new, and has not been considered by this Court we granted certiorari.

Two questions are presented: (1) Were the Waers' right to a jury trial violated by the additur? (2) Was the action of the trial judge in ordering the additurs, within the scope of his authority under T.C.A. § 20–1330?

The additur statute, § 20–1330 T.C.A. (Supp.1967) reads as follows:

"In cases where, in the opinion of the trial judge a jury verdict is not adequate to compensate the plaintiff or plaintiffs in compensatory damages or punitive damages, the trial judge may suggest an additur in such amount or amounts as he deems proper *to the compensatory or punitive damages awarded by the jury*, or both such classes of damages, and if such additur is accepted by the defense, it shall then be ordered by the trial judge and become the verdict, and if not accepted, the trial judge shall grant the plaintiff's motion for a new trial because of the inadequacy of the verdict upon proper motion being made by the plaintiff.

"In all jury trials had in civil actions, after the verdict has been rendered, and on motion for a new trial, when the trial judge is of the opinion that *the verdict in favor of a party should be increased, and an additur is suggested* by him on that account, with the proviso that in case *the party against whom the verdict has been rendered refused to make the additur a new trial will be awarded, the party against whom such verdict has been rendered* may make such additur under protest, and appeal from the action of the trial judge to the Court of Appeals; and if, the Court of Appeals is of the opinion that the verdict of the jury should not have been increased or that the amount of the additur is improper, but that the judgment of the trial court is correct in all other respects, the case shall be reversed to that extent, and the Court of Appeals may order remitted all or any part of the additur." (Emphasis added)

The answer to the first question must be that, since an additur is conditioned on the consent of the defendant, the statute provision being that he can refuse the additur and have a new trial, his right to a jury trial under the constitution is not impinged upon.

The right of trial by jury, as such, has not been considered to be involved in the exercise of the discretion imposed in the trial judge to grant a new trial because the verdict is excessive, or because it is inadequate. The function of the jury is discharged by its verdict, which then is subject to the approval of the judge. Historically, the power of the trial judge was so plenary that the legislature considered it necessary to limit it by the enactment of the present statute, § 27–202 T.C.A., providing that not more than two new trials can be granted to the same party in an action at law. This unlimited power of the trial judge as a thirteenth juror to grant new trials was such a fixed concept that the constitutionality of the statute limiting it was attacked in Railway Company v. Mahoney, 89 Tenn. 311, 15 S.W. 652; with the result that the statute was upheld.

The practice of ordering remittiturs in damage suits has been authorized by statute in Tennessee since the enactment of Chapter 29, Acts 1911, as amended by Chapter 253, Acts 1949, without, so far as I can find, any question being made as to its constitutionality and, the additur statute being no more than the converse of the remittitur statute, and resting on the same premise, that the trial judge as the thirteenth juror must agree with the amount of the verdict and that if he does not he can order a new trial, it is our opinion the additur statute does not deny the right of a trial by jury.

Others who have considered the question have disagreed with the proposition that the power to increase a verdict is a concomitant of the power to decrease one.

Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150; State Highway Com. v. Schmidt, 143 Mont. 505, 391 P.2d 692. Other authorities, however, hold to the contrary. Jehl v. Southern Pacific Co., 66 Cal.2d 821, 59 Cal.Rptr. 276, 427 P.2d 988, disagreed with other grounds Alberton v. Superior Court of San Francisco, 265 Cal.App.2d 812, 71 Cal.Rptr. 553; Girch v. Cal-Union Stores, Inc., 268 Cal. App.2d 541, 74 Cal.Rptr. 125; Genzel v. Halvorson, 248 Minn. 527, 80 N.W.2d 854; Mohr v. Williams, 95 Minn. 261, 104 N.W. 12; Fisch v. Manger, 24 N.J. 66, 130 A.2d 815; Bitting v. Willett, 89 N.J.Super. 196, 214 A.2d 443, remanded on other grounds 47 N.J. 6, 218 A.2d 859.

In Genzel v. Halvorson, 248 Minn. 527, 80 N.W.2d 854, the constitutionality of an additur statute similar to ours was upheld under Article 1, Section 4 of the Minnesota Constitution, whose wording is identical with Article 1, Section 6 of our Constitution.

Shanahan v. Boston N. St. Ry. Co., 193 Mass. 412, 79 N.E. 751 (1907), on which the Waers rely is to be distinguished. There, the trial judge suggested an additur or in the alternative a new trial if defendant refused to accept the additur. The defendant accepted, but the plaintiff, who felt the additur was unacceptable, appealed. The Court held that the plaintiff should not be compelled to accept the additur and thus be deprived of the right to a jury verdict with which the trial judge agreed. The question presented by the ruling in that case is not before us at this time. Here, there has been no refusal on the part of the plaintiffs, the McCalls, to accept the additur.

We recognize that, should a plaintiff disagree with the amount of the additur, and demand a new trial, because of the disagreement of the judge with the verdict of the jury as evidenced by his ordering an additur, a serious question would be

presented. Whether the fault of this arrangement can be cured by a plaintiff's right to appeal and to have the judge's order reviewed remains to be discovered. It is worth noting, however, that this same problem inheres, conversely, in the remittitur statute but has never come up in any reported case.

The reasoning and the results of the cases last cited recommend them to us.

■ The second question, whether the action of the trial court in ordering the additur was authorized by § 20–1330 T.C.A., presents less of a problem than the first question. Here, we find the answer in the limited terms of the statute, as follows:

"In all jury trials had in civil actions, after the verdict has been rendered, and on motion for a new trial, *when the trial judge is of the opinion that the verdict in favor of a party should be increased,* and an additur is suggested by him on that account, with the proviso that in case the party against whom the verdict has been rendered refuses to make the additur a new trial will be awarded, the party against whom such verdict has been rendered may make such additur under protest, and appeal from the action of the trial judge to the Court of Appeals." (Emphasis added)

It is plain from this that the power to suggest an additur in favor of a plaintiff is dependent upon there first being a verdict in favor of that plaintiff.

The first sentence of the additur statute seems to grant the trial judge authority to do what he did. It provides:

"In cases where, in the opinion of the trial judge a jury verdict *is not adequate to compensate* the plaintiff or plaintiffs in compensatory or punitive damages, the trial judge may suggest an additur. . . . . ". (Emphasis added)

If the statute had ended at this point it could be argued that it authorized the additur, because a verdict of not guilty in a case where damages are due a plaintiff is a verdict "not adequate to compensate". However, the statute goes on to provide that this power of the judge may be exercised by suggesting an additur "to the compensatory or punitive damages awarded by the jury,". If there are no such damages awarded, there cannot be an additur.

Only one case like this one has been found: Goldsmith v. Detroit J. & C. Ry., 165 Mich. 177, 130 N.W. 647. There, negligence was admitted but the jury returned a not guilty verdict. The trial judge conditioned a new trial on an additur. On appeal this was held to be error.

■ That case, while it has its interest, is not referred to as authority for what we do. As stated, this case is controlled by the express provisions of § 20–1330 T.C.A., to which, alone, we must look for our answer. Which answer is, that the trial judge did not have authority to make the additur.

However, since the trial judge was authorized, and it was his duty, because of his disagreement with the verdict, to set it aside and order a new trial, Hime v. Sullivan, 188 Tenn. 605, 221 S.W.2d 893: and because, without his agreement with it there is no final verdict, the case must be remanded for a new trial.

DYER, C. J., CHATTIN and McCANLESS, JJ., and WILSON, Special Judge, concur.