873 F.2d 1437
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gladys BRADSHAW, Individually and as co-personal
representative of the Estate of Howard Jermaine
Bradshaw, deceased, Plaintiff-Appellant,
and
Howard Witherspoon, Individually and as co-personal
representative of the Estate of Howard Jermaine
Bradshaw, deceased, Plaintiff,
v.
Michael Kenneth SWEET, Silvey Refrigerated Carriers, a body
corporate, Defendants-Appellees.
 No. 88-3887.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1989.
Decided April 20, 1989.
Rehearing and Rehearing In Banc Denied May 15, 1989.
 
 Gladys Bradshaw, appellant pro se.
 Edward Chester Mackie, Rollins, Smalkin, Richards & Mackie, John Joseph Curran, Jr., Office of the Attorney General of Maryland, for appellees.
 Before PHILLIPS, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Howard Jearmine Bradshaw, a 14-year old boy, was washing an automobile window on an expressway exit ramp in Baltimore, Maryland,[1] when he was struck by an automobile, run over by a truck, and killed. Bradshaw's parents brought suit in Maryland state court against the truck's driver and its owner, and the suit was removed to federal court on diversity grounds. The jury found that Bradshaw was contributorily negligent, and that his negligence was a proximate cause of his injuries. The jury also found that the truck's driver was negligent; however, because Maryland is a contributory negligence jurisdiction, Bradshaw's parents were barred from recovery because of his negligence. Only Bradshaw's mother, Gladys Bradshaw (plaintiff) appealed the jury verdict.
 
 
 2
 The plaintiff raises a number of challenges to the propriety of the proceedings below. Her primary argument is that the jury was improperly instructed regarding the standard of care to which Bradshaw was to be held. The court instructed the jury that Bradshaw, like an adult, had a duty to exercise reasonable care for his own safety. Plaintiff contends that this instruction led the jury to believe that Bradshaw was to be held to the same standard of care as an adult. We disagree.
 
 
 3
 It is true that under Maryland law a child is held to the standard of care of a reasonably prudent child of like age, intelligence, and experience. Kirby v. Hylton, 51 Md.App. 365, 443 A.2d 640 (1982). However, children have been held to have the capacity to be contributorily negligent as early as age five. Taylor v. Armiger, 277 Md. 636, 358 A.2d 883 (1976). A child is contributorily negligent if he knew or should have known of a danger which would have been readily apparent to a reasonably prudent child of like age, intelligence, and experience. Kirby, supra. It seems obvious that every reasonably prudent 14-year old would see the danger inherent in the activity undertaken by Bradshaw and would refrain from such activity.[2] Therefore, Bradshaw, like an adult, had a duty to exercise reasonable care to protect himself from that danger. Because he did not do so, he was negligent.
 
 
 4
 Plaintiff also contends that, contrary to the jury's findings, Bradshaw's negligence was not a proximate cause of his injuries. Although the truck driver may have been as negligent, or even more negligent than Bradshaw, and although his negligence may have been a proximate cause of the accident, Bradshaw's negligence was also a contributing factor. Contributory negligence is a proximate cause of the plaintiff's injury if the plaintiff's acts directly contributed to his injuries. Wiggins v. State ex rel. Collins, 232 Md. 228, 192 A.2d 515 (1963). If Bradshaw had not been standing on the street side of a car on the expressway exit ramp, in violation of several statutes to the contrary and in the face of obvious danger, he would not have been injured. Because Bradshaw was negligent, and because that negligence was a proximate cause of his injuries, his representatives are barred from recovery.
 
 
 5
 Plaintiff also contends that the court erred in refusing to admit the testimony of two other squeegee kids after the defendant's case as rebuttal witnesses. The trial judge's decisions regarding exclusion of evidence are entitled to deference and will only be overturned upon a showing of abuse of discretion. DeBenedetto v. Goodyear Tire & Rubber Co., 754 F.2d 512, 517 (4th Cir.1985). The witnesses in question here would have testified, according to plaintiff, that many of the squeegee kids worked at non-designated corners. She does not contend that they would have testified that squeegee kids had ever worked on this or any other expressway exit ramp. Further, she called two other squeegee kids earlier in the trial. Finally, the evidence proffered by these witnesses would not show that Bradshaw was not contributorily negligent. Therefore, we cannot say that the trial court abused its discretion in excluding their testimony.
 
 
 6
 The other issues raised by plaintiff are without merit. Therefore, we affirm the verdict of the jury. The motion for preparation of transcripts at government expense is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not significantly aid in the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Bradshaw was participating in Baltimore's squeegee kid program, whereby young people were allowed to wash car windows on designated street corners to earn money. Bradshaw was not at a designated corner when he was killed
 
 
 [2]
 Indeed, even if the danger of standing on the expressway exit ramp had not otherwise been apparent, two large, clearly printed signs expressly prohibited pedestrians. These signs were well within Bradshaw's line of vision, and he was struck only a few yards away from them